■ HELEN GARGIULO, Appellant, v. THEODORE GARGIULO, Respondent, et al., Defendant.— In an action for divorce and other relief, wherein a judgment was entered in plaintiff's favor on May 10, 1962, directing the defendant husband to pay plaintiff alimony of $40 a week for her support and for the support of their infant child, and further directing him to pay $10 a week on account of alimony arrears, plaintiff appeals from an order of the Supreme Court, Kings County, dated November 7, 1962 which denied her motion: (a) to punish the husband for contempt for failure to make the payments directed by the judgment; and (b) to require him to pay her expenses incident to the motion. Order modified, by striking out the first decretal paragraph denying the plaintiff's motion insofar as it seeks to punish said defendant for contempt, and by substituting therefor a provision granting the motion in this respect, and: (a) adjudging said defendant to be in contempt; (b) fining him the sum of $1,724, representing the arrears up to September 28, 1962, by reason of his contempt; and (c) directing that he may purge himself of his contempt by making the support payments of $40 a week due after said date under the judgment, and by paying $10 a week on account of the fine of $1,724. As so modified, order affirmed, with $10 costs and disbursements to plaintiff. In our opinion, the learned Justice at Special Term should not have relitigated the financial status of the husband after so short an interval between the date of the judgment and the date of the motion, in the absence of a showing that such status has been adversely changed for reasons beyond the husband's control (*Presberg* v. *Presberg,* 285 App. Div. 1134). Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.

■ In the Matter of MITCHELL SILVERBERG, Appellant, v. JACK MESSINA, Respondent.— In a special proceeding, instituted pursuant to section 110-a of the Civil Practice Act, to remove the petitioner's pending action against respondent to recover damages for personal injury, from the former City Court of the City of New York, Kings County, to the Supreme Court, Kings County, the petitioner appeals from an order of said Supreme Court, dated November 7, 1962, which denied the application. By way of additional relief, petitioner *inter alia* sought leave: (a) to amend the complaint by increasing the *ad damnum* clause from $6,000 to $100,000; and (b) to serve a supplemental bill of particulars to set forth "the present state" of his injuries and damages. Order reversed on the law and the facts, without costs, and application granted in all respects. The amended complaint and the supplemental bill shall be served within 20 days after entry of the order hereon. In our opinion, the affidavits in support of the application warrant transfer of this action and the additional relief requested by the petitioner. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.