■ ANN JOHANNY, Respondent, v. ERHARDT JOHANNY, Appellant, and GREENWICH SAVINGS BANK, Defendant.— In an action in which a judgment was entered granting plaintiff a divorce from appellant, the appeal is from an order of the Supreme Court, Rockland County, dated February 11, 1972, which (a) granted plaintiff's motion to adjudge appellant in contempt for failure to comply with the child support provisions of the judgment, fining him in the amount of $2,560, and (b) granted plaintiff a counsel fee of $150. Order reversed, without costs, and motion remanded to Special Term for (1) a hearing *de novo* on the question of the effectiveness of sequestration of appellant's property pursuant to section 245 of the Domestic Relations Law and (2) a new determination. In our opinion, there was a failure to comply with section 245 of the Domestic Relations Law. The record lacks a showing that the court was presumptively satisfied that sequestration would be ineffectual (*Spargo* v. *Spargo*, 25 A D 2d 612). Since contempt proceedings were brought without having complied with the clear statutory predicate of first seeking sequestration, there should have been no award of counsel fees (*Zellermayer* v. *Zellermayer*, 36 A D 2d 636). On the hearing *de novo* Special Term should consider the principles annunciated in *Matter of Roe* v. *Doe* (29 N Y 2d 188). Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.

■ GLORIA PALANGE et al., Appellants, v. WALLACH'S AUTO RENTAL, INC., et al., Respondents.— In a negligence action to recover damages for personal and property injuries, loss of services and medical expenses, plaintiffs appeal from so much of an order of the Supreme Court, Queens County, dated June 16, 1971, as granted in part defendants' motion to set aside a jury verdict for plaintiffs as excessive, i.e., to the extent of (1) setting aside the verdict insofar as it was in favor of plaintiff Gloria Palange for personal injuries in the amount of $342,800, and in favor of plaintiff Alfred Palange for medical expenses and loss of services in the amount of $7,142 and (2) ordering a new trial as to those causes. (The trial court's decision on the motion was to permit plaintiffs to stipulate to reduce said amounts to $10,000 and $2,000, respectively, as an alternative to a new trial, but plaintiffs failed so to stipulate.) Order affirmed insofar as appealed from, without costs, unless, within 30 days after entry of the order to be made hereon, plaintiffs shall serve and file in the office of the clerk of the trial court a written stipulation consenting to a reduction in the amounts of the verdict for plaintiff Gloria Palange's personal injuries to $10,000 and for plaintiff Alfred Palange's medical expenses and loss of services to $2,000, in which event the order, insofar as appealed from, is reversed, without costs, defendants' motion is denied with respect to said causes of action, and the verdict as to said causes is reinstated as reduced by such stipulation. We agree with the trial court that the verdict on the personal injury cause of plaintiff Gloria Palange and on the cause of plaintiff Alfred Palange for medical expenses and loss of services was excessive to the extent indicated. However, in the interests of justice, plaintiffs should be afforded an extension of time, as provided herein, to stipulate to reduce the verdict on these two causes. Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.