■ BEVERLY HAMMER, Respondent, v JACK HAMMER, Appellant.—In an action in which a judgment of the Supreme Court, Nassau County, granting plaintiff a divorce, was entered on April 18, 1972, defendant appeals from so much of an order of the same court, entered September 4, 1974, after a hearing, as (1) granted his motion to modify the divorce decree only to the extent of reducing his total support obligation from $175 per week to $140 per week as of July 27, 1974 (the order erroneously reads "July 27, 1972"), (2) granted plaintiff's cross motion to adjudge him in contempt, and fined him $525 therefor, an amount equal to three unpaid weekly support payments, and (3) awarded plaintiff a counsel fee in the amount of $400. Order modified by deleting the seventh and eighth decretal paragraphs thereof, and substituting therefor a provision that the cross motion is denied without prejudice to the renewal thereof upon proper papers. As so modified, order affirmed insofar as appealed from, without costs. The cross motion to punish for contempt was commenced by an ordinary notice of motion, instead of an order to show cause as required by statute (Judiciary Law, § 757). Further-

more, there was a failure to comply with the provisions of section 245 of the Domestic Relations Law. The record fails to show that Special Term was presumptively satisfied that payment of the support arrears could not be enforced by sequestration of defendant's assets *(Johanny v Johanny,* 41 AD2d 568). We also note that the order herein appears to erroneously designate the dates of the missed payments, and that punishment for contempt for failure to pay alimony accruing subsequent to the date of the application to punish is unauthorized *(Gorshin v Gorshin,* 30 AD2d 555). Hopkins, Acting P. J., Martuscello, Christ, Munder and Shapiro, JJ., concur.