■ In the Matter of MERRICK HOLDING CORP., Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondent.—In a consolidated proceeding to review the assessments of certain real property, used as a shopping center, for the tax years 1967 through 1973, petitioner appeals from a final judgment of the Supreme Court, Nassau County, dated July 28, 1976, which, *inter alia,* determined the value of the property for the years in question. Final judgment reversed, on the law, without costs or disbursements, and proceeding remanded to the Special Condemnation and Tax Certiorari Term for a new determination in accordance herewith. The respondent's appraiser, based upon his conclusion that the rentals paid by three of the four "national tenants" in the shopping center (there were 29

tenants) were "uneconomic", added "leasehold bonuses" as theoretical income (cf. *People ex rel. Gale v Tax Comm.. of City of N. Y.,* 17 AD2d 225). He determined the amounts thereof by comparative rentals paid by the same or similar tenants in other shopping centers. Nevertheless, he conceded that the questioned leases were "not necessarily improvident when they were made." There is no proof that petitioner-appellant failed to do what shopping center entrepreneurs generally do—attempt to obtain the best terms possible under the manifold and highly individualistic circumstances of each case. We deem it improper to apply the leasehold bonus principle to a selected portion of leases in a shopping center in the absence of proof of special circumstances (see, e.g., *Matter of Seagram & Sons v Tax Comm. of City of N. Y.,* 14 NY2d 314; *Matter of Ernst v Board of Assessors of City of Lockport,* 58 Misc 2d 504), or proof that the questioned leases were improvident when made (see *Caroldee Realty Corp. v Board of Assessors of County of Nassau,* 73 Misc 2d 41; cf. *People ex rel. Gale v Tax Comm. of City of N. Y., supra,* which related to a leasehold of the entire premises). We agree with the trial court's determination that the circumstances do not permit relief from petitioner's stipulation with the County of Nassau as to the ratios of assessed valuation to full value. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.