■ PLAINVIEW SHOPPING INC., Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondent.—In consolidated proceedings to review the assessments of certain real property for the eight tax years 1968 through 1975, inclusive, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated September 8, 1976, which, *inter alia,* fixed new assessments for certain of the tax years in question, after a nonjury trial. The appeal also brings up for review an order of the same court, dated July 26, 1976, which denied petitioner's motion to be relieved of a stipulation relating to ratio. Judgment affirmed, without costs or disbursements. Under all of the circumstances, including a careful evaluation of the nature and quality of the evidence advanced and contentions made by the parties at the trial, we find no basis for disturbing the findings and conclusions of the trial court. We note that although on this appeal petitioner urges that the income data from its returns *(respondent's* exhibit at the trial) should have been relied upon by the trial court, the returns cover fiscal years different from the county's tax years, and must therefore be "fiscalized" and, most importantly, there are no tax returns in evidence of the periods May 1, 1967 to September 30, 1967 and October 1, 1974 to April 30, 1975. We note that *Flushing Nat. Bank v Municipal Assistance Corp. for City of N. Y.* (40 NY2d 731) was decided on November 19, 1976 and that the issues raised with respect to the ratio stipulation were presented to and rejected by this court on June 13, 1977 in *Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau* (58 AD2d 605). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ FRANCES STROH, Respondent, v RICHARD A. STROH, Appellant.—In a matrimonial action in which a judgment of divorce had been previously entered, defendant appeals from an order of the Supreme Court, Rockland County, dated December 9, 1976, which, *inter alia,* granted plaintiff's motion to hold him in contempt of court for failure to comply with the provisions of the judgment of divorce. Order modified, on the law, by deleting (1) from the second, third, fourth and sixth decretal paragraphs thereof the amount "$4,487.11", and substituting therefor the amount "$880", (2) from the second and third decretal paragraphs the references to unpaid bills and (3) from the sixth decretal paragraph thereof all words beginning with "in installments of" and ending with "such installment payments to be". As so modified, order affirmed, without costs or disbursements. Defendant may purge himself of the contempt upon payment to plaintiff of $880 within 60 days after entry of the order to be made hereon. There was ample evidence in the record to support the finding that defendant-appellant was able to make the alimony payments. Under the circumstances, his refusal to do so constitutes a willful violation of the divorce decree (see *Zeitlan v Zeitlan,* 44 AD2d 608). However, the court incorrectly included two items in the amount payable to plaintiff-respondent. First, the court included $1,607.11, which represents various unpaid bills which accrued prior to the divorce. No provision was made in the divorce decree for such payment. Second, the court included in the contempt order amounts which became due after the issuance of the order to show cause. Such arrears must be the subject of a separate proceeding (see *Hammer v Hammer,* 48 AD2d 878). Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.