■ In the Matter of MERRICK HOLDING CORP., Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondent.—In a consolidated proceeding to review the assessments of certain real property, used as a shopping center, for the tax years 1967 through 1973, petitioner appeals from a final judgment of the Supreme Court, Nassau County, dated July 28, 1976, which, *inter alia,* determined the value of the property for the years in question. On June 13, 1977 this court reversed the final judgment and remanded the proceeding to the Special Condemnation and Tax Certiorari Term for a new determination in which there was to be no application of "leasehold bonuses" as to the rentals of three of the four "national tenants" in the shopping center in the computation of capitalization of income *(Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau,* 58 AD2d 605). On November 2, 1978 the Court of Appeals (a) reversed (1) a judgment of the Supreme Court, Nassau County, entered November 23, 1977, following this court's remand and (2) the order of this court which was brought up for review and (b) remitted the case to this court for review of the facts (45 NY2d 538). Final judgment reversed, on the facts, without costs or disbursements, and proceeding remitted to the Special Condemnation and Tax Certiorari Term for further proceedings consistent herewith. In reversing the order of this court the Court of Appeals stated *(supra,* p 545): "it cannot be said that the board's use of leasehold bonuses was inappropriate. Of course, in arriving at the value of the entire property, if Merrick's leases with its lesser tenants were at above market rents these should be offset against the below market rentals received from the three flagship tenants. In that connection, in remitting for review of the facts we note that, though the record contains proof that the rentals paid by Merrick's numerous lesser tenants were not below market, there is no finding as to whether these exceed market and, if so, the extent to which such excess counterbalanced the below market stream of income that flowed from the three major leases to which the bonuses were applied. Accordingly, the judgment appealed from and the order brought up for review should be reversed and the matter remitted to the Appellate Division for further proceedings as provided by CPLR 5613." We find the record insufficient to determine whether the rentals paid by the other tenants were below market rents and, therefore, remand the proceeding to the Special Condemnation and Tax Certiorari Term for further proceedings relating to said rentals. O'Connor, J. P., Shapiro, Margett and Martuscello, JJ., concur.