■ JUDITH M. PASSONNO, Respondent, v RALPH F. PASSONNO, Appellant.—Appeal from an amended order of the Supreme Court at Special Term, entered on or about April 4, 1979 in Rensselaer County, which, *inter alia,* adjudged defendant in contempt due to his failure to comply with alimony and support provisions of a divorce decree. The parties were married on May 16, 1963 and four children were born of the marriage. Plaintiff thereafter commenced a divorce action against defendant, and, on November 11, 1977, the parties entered into a written stipulation which was subsequently incorporated into the divorce decree. The stipulation provided, in pertinent part, that custody of the four children would be in plaintiff, with visitation rights to defendant, and that defendant would pay $125 per week for support of plaintiff and the four children. Defendant also agreed to pay all medical, hospital and dental expenses of the children as well as the expenses incurred in connection with the marital residence. Thereafter, plaintiff instituted proceedings pursuant to section 245 of the Domestic Relations Law to hold defendant in contempt of court for his failure to comply with the provisions of support as set forth in the stipulation and divorce decree. The defendant instituted a proceeding to modify the divorce decree. Both matters came on for a full hearing on December 6, 1978 before a Trial Term, and by an order dated December 20, 1978, the court dismissed defendant's application for modification of the divorce decree, and awarded plaintiff a $1,000 arrearage judgment for the support payments. In its

decision dated December 11, 1978, the court stated that defendant did not show that his financial circumstances had changed in the year since the divorce decree was rendered. The court explained that defendant has taken two trips to Europe, is current on his $300 per month payment for his $15,000 Lincoln Continental, and owns 40 acres of land. On or about January 31, 1979 plaintiff commenced another proceeding pursuant to section 245 to adjudge defendant in contempt of court for his alleged noncompliance with the divorce decree and the order of December 20, 1978. On February 12, 1979 defendant made a cross motion for an order suspending the alimony payments and canceling the arrearages because of plaintiff's alleged interference with defendant's visitation rights. Defendant also requested a hearing on his financial ability to comply with the child support order and pay the arrearages now due. By decision dated March 14, 1979, Special Term, pointed out that it had recently conducted a full hearing on the matter. The court concluded that plaintiff's refusal to permit visitation was "understandable", and by an amended order dated April 4, 1979, the court dismissed defendant's cross motion and adjudged him in contempt for which a 10-day jail sentence was imposed unless defendant paid all arrearages. It is this order from which defendant appeals. There should be an affirmance. There is no merit to defendant's contention that he was denied due process because an evidentiary hearing was not held. He had had such a hearing on the same issues before a Trial Term some three months prior to the court's determination in the instant case. On the later application to punish for contempt, he presented nothing persuasive to demonstrate any basis for substantial change as to his ability to meet the required payments. Thus, Special Term properly dismissed his cross motion (Parsons v Parsons, 54 AD2d 861). Next, any violation by plaintiff of the defendant's visitation rights did not excuse him from making support and alimony payments. Section 241 of the Domestic Relations Law provides that the court "in its discretion" may suspend alimony payments or cancel any arrears that accrued during the time that visitation rights were interfered with. Since the divorce decree was granted, defendant has failed to make mortgage, utility and heat payments on the marital residence. He has failed to comply with the alimony and support provisions. He has vacationed in Europe on several occasions and has made timely payments of $300 per month on a $15,000 Lincoln. Yet, during this time, he has failed to pay his children's medical bills. Under such circumstances, we cannot say that Special Term abused its discretion in denying defendant's request for alimony suspension. We have examined defendant's other contentions and find them unpersuasive. Order affirmed, with costs. Greenblott, Main and Herlihy, JJ., concur; Mahoney, P. J., not taking part.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Plaintiff instituted proceedings pursuant to section 245 of the Domestic Relations Law on February 7, 1979 to adjudge defendant in contempt of court for his noncompliance with the divorce decree granted to plaintiff and the order of the court of December 20, 1978 which dismissed defendant's application for modification of the divorce decree and awarded plaintiff a judgment of $1,000 in arrearages for support payments. Plaintiff's affidavit alleges the existence of the court order, dated December 20, 1978, failure of defendant to substantially comply with it and a further default by defendant since entry of the order. In his cross motion defendant requests suspension of alimony because of an interference with visitation rights; he further alleges a failure by plaintiff to show that the arrears against him could not be enforced pursuant to

sections 243 and 244 of the Domestic Relations Law and asserts that his financial condition has worsened and that he is financially destitute and unable to pay the arrearages. The trial court, in a decision dated March 14, 1979, concluded that an adjudication of contempt was warranted because of a prior evidentiary hearing held in December, 1978 and the insufficiency of defendant's response. Subdivision 3 of section 246 of the Domestic Relations Law provides that any person may assert his financial inability to comply with a court order as a defense in a proceeding instituted against him pursuant to section 245 of the Domestic Relations Law *(Cappione v Cappione,* 63 AD2d 757). Such a matter should not be decided on the basis of conflicting affidavits, but at a hearing. The affidavit of defendant was sufficient to raise the defense of inability to pay. The prior hearing did not satisfy the requirements of section 246 of the Domestic Relations Law. This defendant was denied due process of law *(Ciaschi v Ciaschi,* 49 AD2d 991). Additionally, there was neither a finding by the court nor a showing in the supporting affidavits that sequestration would be ineffectual against defendant before a contempt of court was resorted to as is required by sections 243 and 244 of the Domestic Relations Law. Finally, it was error to hold the defendant in contempt for payments due after the commencement of the contempt proceeding *(Stroh v Stroh,* 60 AD2d 599). The judgment should be reversed, and the matter remitted for an evidentiary hearing.