■ BRENDA BLINDERMAN, Appellant, v STEVEN BLINDERMAN, Respondent. — In a matrimonial action in which the plaintiff wife had been granted a judgment of divorce in February, 1979, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated September 10, 1979, as denied her application for a money judgment for arrears owed under the judgment of divorce. Order modified by deleting the second decretal paragraph and substituting provisions (1) granting plaintiff's motion to the extent of directing that a money judgment in the amount of $5,295 be entered in favor of the plaintiff, and (2) denying the motion in all other respects. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Special Term should not have permitted the husband to relitigate the question of his financial status in view of the short time which had elapsed since entry of the judgment of divorce (see *Matter of Miller v Miller,* 36 AD2d 832), and in the absence of a showing that his financial status had been adversely changed for reasons beyond his control (see *Gargiulo v Gargiulo,* 18 AD2d 1013). A money judgment should have been entered for alimony and support arrears which accrued up until the date the order to show cause was issued (see *Stroh v Stroh,* 60 AD2d 599). In view of the limiting language of the notice of appeal, the plaintiff's contention that Special Term erred in prospectively modifying the judgment of divorce has not been preserved for our review. Rabin, J.P., Gulotta, Weinstein and Thompson, JJ., concur.

■ CENTRAL FUNDING COMPANY, Appellant, v BARBARA M. STOLL, Respondent, et al., Defendants. — Appeal by plaintiff (1) from an order of the Supreme Court, Westchester County, entered July 9, 1980, which, *inter alia,* granted, upon specified conditions, the motion of defendant Stoll to vacate her default in answering, and (2) as limited by its brief, from so much of a further order of the same court, dated September 8, 1980, as, upon reargument, adhered to the original determination. Appeal from the order entered July 9, 1980 dismissed. That order was superseded by the order granting reargument. Order dated September 8, 1980 affirmed insofar as appealed from. Respondent is awarded one bill of $50 costs and disbursements. Respondent's time to answer and pay the $150, if she has not already done so, is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. It was not an abuse of discretion to grant respondent's motion to vacate her default. Damiani, J.P., Titone, Mangano and Rabin, JJ., concur.