OPINION OF THE COURT
Donald J. Corbett, Jr., J.
The petitioner has filed a modification petition with the Family Court, and the respondent has cross-petitioned for enforcement. Both requests are addressed to an order made by another court. Respondent moved for dismissal of the petition for modification on the ground that an appeal of the original order is pending in the Appellate Division.
Petitioner commenced a divorce action in the Supreme Court, and after considerable litigation each party was granted a divorce against the other. Included in the decree of divorce was the direction that the petitioner pay to the respondent the sum of $650 per month as and for child support.
Upon entry of the divorce decree, petitioner filed a notice of appeal “from each and every part of said judgment.” No stay of the judgment was requested. Petitioner subsequently filed a petition for modification of the support order with this court.
Sections 461 and 466 of the Family Court Act provide that Family Court has subject matter jurisdiction to modify a support order of the Supreme Court absent express retention of exclusive jurisdiction by that court. In the instant case, the Supreme Court did not retain exclusive jurisdiction, and the modification petition is, therefore, properly before this court.
*646 Nevertheless, the circumstances surrounding the filing of the modification petition present a unique question: Does the filing of a notice of appeal by a party directed to pay child support deprive that party of the right to thereafter file a modification petition while the appeal is pending?
This court concludes that the petitioner is not precluded from filing a modification petition under such circumstance.
While petitioner could have requested a stay of judgment pending the appeal, such action is not required, and there is no valid reason for precluding modification merely because an appeal is pending. The issues raised and the focus of inquiry of a petition for modification are radically different from those on appeal. The focus of an appeal is a review of questions of law and questions of fact as determined by the trial court (CPLR 5501, subd [c]). The purpose is to search for alleged errors by the court below.
A modification, on the other hand, contemplates a subsequent change in the factual situation which, if supported, is recognized in law as grounds for a redetermination of the issue based on those changes. The inquiry focuses on whether there has been a substantial change of circumstances not within the contemplation of the parties at the time of the making or entry of the original order.
Assuming petitioner had not appealed the original order, he would be within his rights in filing a modification petition. The situation here is no different. The original order is valid unless and until it is reversed by the Appellate Division. If there has been a subsequent change in the factual circumstances such as would justify a modification, the petitioner has every right to bring the matter before this court. Additionally, any modification of the original order would be from a date certain (i.e., the occurrence of the change of circumstances or the date of the filing of the petition) (Hazell v Hazell, 66 AD2d 986; Launer v Charof, 72 AD2d 719). Such modification would not be affected even if appellate review reversed the original decree. It is a matter of degree only — not of substance. Indeed, upon a reversal and remand, the Supreme Court has the jurisdiction to determine a remand order, offsets, or other relief directed to the positions of the parties in equity.
*647 Therefore, regardless of the pending appeal, it is this court’s opinion that petitioner may properly bring a modification petition in this court. It should be noted, however, that a modification following only a short interval after judgment is viewed with disfavor and can be granted only on a showing of substantial material changes. (Presberg v Presberg, 285 App Div 1134; Schine v Schine, 45 AD2d 687; Miller v Miller, 36 AD2d 832; Gargiulo v Gargiulo, 18 AD2d 1013; Brody v Brody, 22 AD2d 646.)
There being no issue as to the question of the cross petition for enforcement, both the modification petition and the enforcement petition are directed to trial.
The application for attorney’s fees is reserved to both parties, pending determination of the petitions herein, upon factual affidavits and application for hearing if necessary. (Sadofsky v Sadofsky, 78 AD2d 520; Reisch & Klar v Sadofsky, 78 AD2d 517.)