■ In the Matter of NEDRO LAVARNWAY, Also Known as NEDRO PETERSON, Respondent, v VICTOR PAWLEWICZ, Appellant. — Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered October 7, 1982, which denied respondent's application for modification of a previous order of support and visitation. By previous court orders, respondent was granted visitation with his children, ages 18, 17 and 15, during the children's Christmas, Easter and summer vacations from school. Visitation was to coincide with the father's vacation and time off from work. Because the father lives in Plattsburgh and the children live in Owego, weekly visitation is not feasible. Recently, the maturing of the children and their expanding personal interests have operated to restrict respondent's visitation rights; the son has been living abroad and the oldest daughter has been taking summer high school courses. To rectify the situation, respondent caused this proceeding to be brought to enforce the visitation previously awarded to him or, alternatively, for a reduction in his support payments. Family Court ordered respondent to continue to pay $600 monthly for child support and ruled that respondent would receive equivalent "compensatory" visitation if the children pursued any special courses or activities which hampered his normal visitation rights. This appeal by respondent ensued. We affirm. In addition to counseling the mother and children to make every effort to comply with scheduled visitation, Family Court, in an effort to balance both respondent's and the children's interests, fashioned a remedy designed to alleviate the visitation scheduling difficulties previously encountered. It ordered that in the future, respondent was to be afforded equivalent compensatory visitation when regularly scheduled visitation was lost to him because of the children's pursuit of any special courses or activities during the summer. Respondent's dissatisfaction with Family Court's failure to compensate him in some fashion for visitation he was obliged to forfeit in the past because prior scheduled visitation was uncomplied with is understandable. However, a reduction in the children's support is hardly appropriate, for neither the mother nor the children have wrongfully interfered with or otherwise deliberately impeded respondent's visitation (cf. *Passonno v Passonno,* 73 AD2d 718, 719, app dsmd 49 NY2d 918). Furthermore, the reason that compliance with the visitation schedule was not had in the first instance stems from the children's already time-consuming personal and educational pursuits and any effort to recompense respondent now for past noncompliance would simply exacerbate this problem in the future. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.