■ In the Matter of ENCARNACION MECCICO, Respondent, v FRANK MECCICO, Appellant.—Kane, J. P. Appeal from an order of the Family Court of Clinton County (Feinberg, J.), entered September 9, 1988, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay petitioner spousal maintenance.

The parties herein were married in 1961 and separated in January 1972 pursuant to a separation agreement which provided, inter alia, that: "The [respondent] HUSBAND agrees to pay the sum of THREE HUNDRED DOLLARS ($300.00) per month for the support of his three children until the said children reach maturity or become emancipated, whichever comes first and the sum of ONE HUNDRED FIFTY DOLLARS ($150.00) per month to the [petitioner] WIFE for rental. The obligation of the [respondent] HUSBAND with respect to the amount payable herunder [sic] shall survive his death and shall constitute a charge upon his estate in respect to support of the children." A 1973 judgment of divorce provided that the separation agreement survived "but may be modified by Order of this Court upon" respondent's application.

In July 1985, petitioner filed a petition with Family Court to modify support. Family Court subsequently issued an order of support which, *inter alia,* provided that respondent was to pay petitioner $250 per month as child support for the parties' one remaining dependent child and that "[s]aid sum is in lieu of $150.00 rent as specified in the Separation Agreement". In October 1987, respondent filed a petition to modify the 1985 support order so that his support payments would cease upon the youngest child attaining the age of 21. In November 1987, a Family Court Hearing Examiner issued an order which, *inter alia,* directed that upon the date the minor child attained the age of 21, respondent's support obligation would terminate.

In April 1988, petitioner. filed a petition to modify Family Court's 1987 order contending that she was unaware that the $250 monthly payments previously made by respondent were exclusively for child support and that she considered a portion as spousal maintenance payments that were not meant to terminate when the parties' youngest child attained the age of 21. The Family Court Hearing Examiner transferred petitioner's petition to Family Court which, in September 1988, granted the petition to modify support and found, *inter alia,* that pursuant to the parties' separation agreement, respondent was obligated to continue paying petitioner $150 per month for spousal maintenance. This appeal by respondent ensued.

We reverse. Initially, we reject respondent's argument that Supreme Court retained exclusive jurisdiction over the divorce judgment and therefore Family Court was precluded from determining that the separation agreement provided for spousal maintenance. Where Supreme Court is silent on the issue of Family Court jurisdiction, Family Court may consider a petition to modify a divorce judgment based on the requisite change in circumstances *(see,* Family Ct Act § 466 [c]; *Zuckerman v Zuckerman,* 154 AD2d 666). Here, in its judgment, Supreme Court merely provided that respondent *may* apply to Supreme Court for a modification and not that *only* Supreme Court could modify the separation agreement. Supreme Court did not address Family Court's jurisdiction on this issue and therefore Family Court had concurrent jurisdiction over the matter now before us *(see, supra).*

Turning to the merits, we cannot agree with Family Court's interpretation of the separation agreement that respondent's obligation to pay "for rental" was separate and distinct from his obligation to pay child support. Although the agreement

provided that respondent pay $300 per month for the support of the three children and $150 per month to petitioner for rental, it thereafter states that the obligation of respondent "with respect to the amount payable herunder *[sic]* shall survive his death and shall constitute a charge upon his estate in respect to support of the *children"* (emphasis supplied). A reading of the section as a whole leads us to conclude that the parties intended to have respondent pay petitioner the rental as support for their children as long as at least one unemancipated child lived with petitioner. In our view, this is the clear intent of the parties as manifested in the agreement. Accordingly, the petition should have been dismissed.

Order reversed, on the law, without costs, and petition dismissed. Kane, J. P., Yesawich, Jr., and Levine, JJ., concur.

Casey and Mikoll, JJ., concur in part and dissent in part in a memorandum by Casey, J. Casey, J. (concurring in part and dissenting in part). Although the majority's interpretation of the language of the separation agreement is reasonable, it is not, in our view, the only reasonable construction of the ambiguous provision. The paragraph quoted by the majority can be read as creating two separate obligations for respondent: one to pay $300 per month in child support and the second to pay $150 per month to petitioner for rental, with only the child support obligation to survive respondent's death. Accordingly, Family Court should have held a hearing to ascertain the parties' intent when the agreement was executed.