■ In the Matter of Jhojans Elegante, Appellant, v Beatriz Elegante, Respondent. [908 NYS2d 267]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Kent, J.) dated August 10, 2009, which denied his objections to an order of the same court (Kahlon, S.M.) dated June 9, 2009, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated August 10, 2009, is reversed, on the law, with costs, the objections are granted, the order dated June 9, 2009, is vacated, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.

A court may modify the child support provisions of a separation agreement incorporated but not merged into a judgment of divorce when a party has alleged and proven an unanticipated change in circumstances since entry of the judgment (*see Matter of Gravlin v Ruppert*, 98 NY2d 1 [2002]; *see Blinderman v Blinderman*, 80 AD2d 907 [1981]). The Family Court erred in concluding that the father's loss of income for reasons beyond his control, increased expenses due to an uninsured hospital stay, and the change in the custody arrangement from the

mother having primary residential custody of the parties' two children to split residential custody, was not an unanticipated change of circumstances creating the need for modification of his child support obligation (*see Matter of Gravlin v Ruppert*, 98 NY2d 1 [2002]; *Deith v Deith*, 27 AD3d 613 [2006]; *Clerkin v Clerkin*, 304 AD2d 784 [2003]). Accordingly, the matter must be remitted to the Family Court, Nassau County, for a new hearing to determine the father's reduced child support obligation (*see Matter of Gravlin v Ruppert*, 98 NY2d 1 [2002]). Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.