McAuliffe v McAuliffe (2021 NY Slip Op 06723)





McAuliffe v McAuliffe


2021 NY Slip Op 06723


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

529299 529456
[*1]Daniel E. McAuliffe, Respondent,
v
Maria D. McAuliffe, Appellant.

Calendar Date:October 14, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Robert M. Cohen, Ballston Lake, for appellant.
Daniel McAuliffe, Menands, respondent pro se.



Egan Jr., J.
Appeals (1) from an order of the Supreme Court (Tomlinson, J.), entered June 6, 2019 in Saratoga County, which, upon remittal, among other things, recalculated plaintiff's child support obligation, and (2) from an order of said court, entered June 6, 2019 in Saratoga County, which ordered the parties to distribute certain marital real property in accordance with their stipulation of settlement.
As set forth in our February 2010 decision (70 AD3d 1129 [2010]), plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were divorced in 2006 and have three children who are now adults. In the judgment of divorce, Supreme Court (Hall, J.), among other things, resolved issues of equitable distribution and directed the husband to pay child support and durational maintenance to the wife. The court took further action when the parties failed to divide the marital estate as directed and issued two orders in which it attempted to modify the equitable distribution provisions of the judgment and enforce that modification. Upon the wife's appeal from the judgment and orders, this Court modified the judgment by, among other things, lowering the amount of income imputed to the wife, directing the husband to cover the entire cost of the children's health insurance and increasing the amount of durational maintenance (70 AD3d at 1133-1135). In view of those modifications, we remitted to Supreme Court so that it could recalculate the husband's child support obligation and adjust the value of a life insurance policy intended to secure his maintenance obligation (id.). We further determined that Supreme Court lacked the power to modify its distributive award and, as such, reversed part or all of the postjudgment orders (id. at 1135-1136).
The parties continued to litigate in Family Court while those appeals were pending, the most notable result of which was a June 2010 order in which Family Court upheld the order of a Support Magistrate that reduced the husband's child support obligation and suspended his maintenance obligation because of a disability that left him unable to work in his former employment. The wife took an appeal from that order that she failed to perfect.[FN1] The parties then embarked upon a tortuous course of applications in Supreme Court and Family Court that generally sought to either modify or enforce obligations created by the judgment and later orders. Supreme Court (J. Sise, J.) presided over a prolonged hearing to address the issues on remittal and other applications by the parties, during which the parties entered into a 2013 stipulation in which they agreed to divvy up certain real properties in a manner different from that directed by the judgment. Justice Sise voluntarily recused himself in 2016, leaving Supreme Court (Tomlinson, J.) to see the hearing to its conclusion.
Supreme Court issued two thoughtful and well-reasoned orders in the wake of that hearing. In the first, Supreme Court thoroughly analyzed and resolved [*2]the questions posed upon remittal, relying upon the June 2010 order as it did so, and addressed sundry other applications by the parties. In its second order, Supreme Court addressed the parties' posthearing motions regarding various issues and found, among other things, that the parties were bound by the terms of their 2013 stipulation regarding the division of marital property. The wife appeals from both orders.[FN2]
We affirm. Initially, Supreme Court was bound by the terms of this Court's February 2010 decision and order and obliged to act in conformity with its remittal directives (see Reilly v Achitoff, 160 AD3d 998, 999 [2018]; Berry v Williams, 106 AD3d 935, 937 [2013]). The wife argues that Supreme Court deviated from those directives by factoring the June 2010 order of Family Court into its determination. Family Court, however, had the authority to hear petitions to modify the awards of maintenance and child support given that the judgment did not grant Supreme Court exclusive jurisdiction to determine those issues (see Family Ct Act §§ 461, 466; Matter of Meccico v Meccico, 160 AD2d 1052, 1053 [1990], affd 76 NY2d 822 [1990]). Family Court was further free to entertain modification petitions filed during the pendency of the appeal from the divorce judgment, as the appeal did "not alter the finality or enforceability of that judgment" absent a stay (Aaron v Aaron, 2 AD3d 942, 944 [2003]; see Da Silva v Musso, 76 NY2d 436, 440 [1990]; Matter of Phillips v Phillips, 108 Misc 2d 645, 646 [Fam Ct, Ontario County 1981]). Family Court was accordingly empowered to issue the June 2010 order — which upheld modifications to the awards of child support and maintenance based upon the husband's disability — and the time in which to take and perfect an appeal from that order has long since expired. The modifications wrought by the June 2010 order are accordingly binding upon the parties, and we perceive no error in Supreme Court electing to "mold its procedure and adapt its relief to the exigencies of [those] new facts or conditions which were not before [this Court] when it made its original determination and entered its remittitur" (Matter of Altimari v Meisser, 23 AD2d 672, 675 [1965], appeal dismissed 15 NY2d 964 [1965]; accord Gramercy Park Residence Corp. v Ellman, 162 AD3d 495, 496 [2018]).[FN3] Supreme Court conducted a thorough analysis in fashioning that relief and, to the extent that the wife raises objections to that analysis that are not premised upon the consideration of the June 2010 order, her complaints are devoid of merit.
The wife's contentions as to Supreme Court's resolution of motions surrounding various parcels of real property are no more persuasive. "Because stipulations of settlement promote judicial economy and predictability in litigation, they are favored by the courts and are generally binding on parties that have legal capacity to negotiate, do in fact freely negotiate their agreement and either reduce their stipulation [*3]to a properly subscribed writing or enter the stipulation orally on the record in open court" (Matter of Badruddin, 152 AD3d 1010, 1013-1014 [2017] [internal quotation marks and citations omitted], lv dismissed 30 NY3d 1080 [2018]; accord Matter of Adam V. v Ashli W., 180 AD3d 1205, 1206-1207 [2020]). The record confirms that, in 2013, the parties thoroughly discussed and entered into a stipulation in open court in which they agreed to divide certain real property owned by them in a manner different from that directed in the judgment. The parties further confirmed on the record that they understood the terms of that agreement and were voluntarily entering into it, then executed an affidavit adopting its terms that was filed with the Saratoga County Clerk. The stipulation is therefore valid and, as we discern no evidentiary basis for the wife's suspicions that "good cause such as fraud, collusion, mistake or duress" exists to set it aside, it will not be disturbed (McCoy v Feinman, 99 NY2d 295, 302 [2002]).[FN4] Thus, Supreme Court properly relied upon that stipulation in addressing the parties' posthearing applications insofar as they related to the real property disposed of by it.
The wife's remaining contentions, to the extent that they are properly before us, have been considered and rejected.
Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: The wife also unsuccessfully attacked the June 2010 order in Family Court.

Footnote 2: To the extent that we have not already rejected the argument (2021 NY Slip Op 67505[U] [2021]), we decline the husband's invitation to strike the wife's brief and the combined record on appeal on picayune procedural grounds. Although her brief and the record are far from flawless, the errors do not substantially prejudice the husband, and they will be disregarded (see CPLR 2001; Balch v Balch, 193 AD2d 1080, 1080 [1993]). We further grant the husband's request to take judicial notice of three orders issued by Supreme Court in 2021 — in which, among other things, Supreme Court correctly observed that we had already accepted the record on appeal and that the defects in it are "technical" and "obvious" — and perceive nothing in those orders that would alter our determination to disregard the defects in the record and address the merits.

Footnote 3: This Court was advised of Family Court's June 2010 order when the wife unsuccessfully moved for, among other things, reargument of the February 2010 decision and order (2010 NY Slip Op 85637[U] [2010]).

Footnote 4: Contrary to the wife's suggestion, Justice Sise's voluntary recusal had no impact upon the validity of the stipulation (see Forbush v Forbush, 115 AD2d 335, 336 [1985], appeal dismissed 67 NY2d 756 [1986]; see People v Alteri, 47 AD3d 1070, 1071 [2008]).