■ In the Matter of GREGORY PANIC, Appellant, v ELKE HERT, Respondent. [607 NYS2d 86] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Silverman, H.E.), dated June 27, 1991, which granted the mother's petition for an upward modification of child support.

Ordered that the order is affirmed, without costs or disbursements.

Christina Panic was born to Gregory Panic and Elke Hert, an unmarried couple, in 1976. In 1981, Gregory Panic petitioned to establish his paternity of Christina and for visitation, and Hert cross-moved for child support. By order dated July 24, 1981, based on an in-court stipulation, the Family Court, Suffolk County, declared Panic's paternity, set a visitation schedule, and ordered that Panic pay child support of $200 per month. By petition dated August 22, 1990, Hert sought upward modification of child support. After a hearing on June 4, 1991, the Family Court, by order dated June 27, 1991, *inter alia*, awarded increased child support to the amount of $125 per week, retroactive to August 22, 1990, plus arrears. We affirm.

Where the request for increased child support is predicated on the child's right to receive adequate support, it is sufficient that a change in circumstances has occurred warranting the increase in the best interests of the child *(see, Matter of Michaels v Michaels,* 56 NY2d 924, 926), even though the prior support order was based on a stipulation *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *Brevetti v Brevetti,* 182 AD2d 606). The party seeking upward modification must show more than a generalized claim of increased need based on inflation *(see, Labita v Labita,* 147 AD2d 535). However, the increased cost of living, insofar as it results in greater expenses for the child, may be considered *(see, Matter of Brescia v Fitts, supra,* at 141). Here, the record demonstrated that the inadequacy of

the child support required Hert to work 70 to 80 hours a week to support the child, and Hert detailed specific items of increased expense, as well as the respective financial situations of Panic and herself (see, Matter of Brescia v Fitts, supra, at 140).

Panic contends that the Child Support Standards Act (CSSA) is inapplicable because the original award was made prior to the act's effective date. We disagree. In Matter of Fetherston v Fetherston (172 AD2d 831, 834), this Court held that the CSSA represents important public policy and is applicable to matters which were commenced prior to the effective date of the act but which have not yet been finally decided. The award here was correctly calculated under the act. The method used for determining arrears was the method set forth in Domestic Relations Law § 236 (B) (7).

The petitioner's remaining contentions are without merit. Thompson, J. P., Rosenblatt, Ritter, Krausman and Friedmann, JJ., concur.