■ TIMOTHY AMODEMO, Respondent, v DAPHNE A. AMODEMO, Appellant. [612 NYS2d 668] —In a matrimonial action in which the parties were divorced by judgment dated September 17, 1979, the defendant former wife appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated April 30, 1992, which denied her motion to modify the judgment of divorce to direct the plaintiff former husband to contribute toward the college expenses of the parties' son until he reaches the age of 21 years, for an upward modification in child support for that same period, and for counsel fees.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof which denied that branch of the defendant's motion which was to direct the plaintiff to contribute towards the college costs of the parties' son Joseph, and substituting therefor a provision directing the plaintiff to pay the defendant $3,278.50; as so modified, the order is affirmed, with costs to the defendant, and the plaintiff shall pay the defendant the $3,278.50 within 20 days after service upon him of a copy of this decision and order, with notice of entry.

The parties to this matter have two children, to wit, Margaret K. Amodemo, born September 11, 1967, and Joseph R. Amodemo (hereinafter Joseph), born April 22, 1970. They were divorced pursuant to a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated September 17, 1979. The judgment directed the plaintiff, inter alia, to pay the defen-

dant child support in the sum of $45 per week per child until each child reached the age of 21 years or was sooner emancipated. There have not been any prior modifications of the award of child support, nor have there been any prior applications for contribution from the plaintiff towards the college education of the parties' two children. By this motion, the defendant sought to compel the plaintiff to contribute towards Joseph's college education, together with increased child support, and attorneys' fees.

In the order appealed from, the Supreme Court denied the defendant's motion. We find that the Supreme Court erred in denying that branch of the motion which was to direct the plaintiff to contribute towards the cost of Joseph's college education.

The plaintiff is an educator with a graduate degree, and the defendant is a registered nurse. Additionally, at the time the application was made, Joseph was doing well academically. The plaintiff could afford to contribute towards Joseph's college education. The defendant spent $21,038.53 on Joseph's behalf for the 1988-1989 and 1989-1990 academic years. We find that the defendant demonstrated sufficient circumstances to warrant the plaintiff's payment of $3,278.50, the amount billed by Joseph's college for his 1990/1991 junior year in college *(see,* Domestic Relations Law § 240 [1-b] [c] [7]; *see also, Manno v Manno,* 196 AD2d 488; *Nolfo v Nolfo,* 188 AD2d 451; *Matter of Setford v Cavanagh,* 175 AD2d 665).

We further find that the Supreme Court properly denied that branch of the defendant's motion which was for additional child support. The defendant's papers fail to show sufficient evidence to support her claim for increased child support *(see, Matter of Panic v Hert,* 200 AD2d 748; *Mauss v Mauss,* 100 AD2d 576).

Finally, we find that no award of attorneys' fees is warranted in this instance. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.