■ In the Matter of SUSAN LAFOSSE, Appellant, v MICHAEL IVSIN, Respondent. [625 NYS2d 74] —In a proceeding for an upward modification of child support, the petitioner mother appeals from a judgment of the Family Court, Dutchess County (Marlow, J.), dated March 1, 1993, which, upon overruling her objections to an order of the same court (Gilbert, J.), dated September 20, 1991, dismissed the petition.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, and the petition is granted to the extent that the respondent father's child support obligation is fixed at $290 per week, retroactive to the date of the petition; and it is further,

Ordered that the matter is remitted to the Family Court for the calculation of the amount of arrears due, and for the scheduling of the payments to be made towards such arrears.

A resettled judgment of divorce dated May 23, 1990, provided that the respondent father was to pay "the sum of $100 per week as and for child support". The resettled judgment recited that the "child support is based upon the current financial status of the parties which includes the [father] being unemployed", and provided that there would be "no prejudice to either party making an application [for a modification of child support] upon the [father's] employment".

During the course of the hearing held on the petitioner mother's application for modification of child support, the father testified that he earned $34,415 between July and December of 1990 and that between January and mid-April of 1991, he earned approximately $25,000. The mother testified that, "in 1990, I received $26,000". The mother also provided testimony as to the increased costs which she was incurring or which she planned to incur in connection with her raising of

the parties' two children. The Family Court dismissed the petition for a modification of child support. We reverse.

Under the particular circumstances of this case, and particularly in light of the fact that the resettled judgment itself contemplated the making of an application for modification of child support in the event of a change in the father's employment status, we conclude that an upward modification of child support is warranted. Even assuming that an upward modification in child support is not warranted based solely upon proof of the non-custodial parent's increased income *(see, e.g., Matter of Demont v Demont,* 200 AD2d 920; *cf., Matter of Chariff v Carl,* 191 AD2d 795), in this case, the resettled judgment specifically authorized the making of an application for such a modification based on this circumstance. Further, there was evidence of a change in circumstances affecting the mother's ability to provide adequate care *(see generally, Matter of Panic v Hert,* 200 AD2d 748).

Considering the parties' relative financial conditions as of 1991, we conclude that child support should have been increased to $290 per week, retroactive to the date of the petition *(see, Fishkin v Fishkin,* 201 AD2d 202; *Rough v Kandell,* 135 AD2d 700). This determination is based on the evidence which was before the hearing court in 1991. There must be a remittitur to the Family Court in order to allow that court to recalculate the amount of and to make an appropriate schedule for the paying of arrears *(see, e.g., Matter of Ragazzo v Murray,* 175 AD2d 247). Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.