■ MICHAEL L. FASTIGGI, Respondent, v VALERIE A. FASTIGGI, Appellant. [651 NYS2d 320] —In a matrimonial action in which the parties were divorced by a judgment entered May 31, 1985, the defendant wife appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 22, 1995, which, upon reargument, (1) vacated that portion of a prior order of the same court dated April 17, 1995, which granted the defendant's application to modify the parties' judgment of divorce to require the plaintiff to pay child support until the parties' son reached the age of 21 years, and substituted therefor a provision denying the defendant's application, and (2) denied the defendant's cross motion for child support arrears. Justice Krausman has been substituted for the late Justice Hart *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The parties have one child, born May 23, 1976. On April 30, 1985, they entered into a stipulation which was later incorporated into the judgment of divorce, entered May 31, 1985, which provided, in relevant part:

"The husband will pay to the wife the sum of $300 per week as maintenance until their child Jason reaches the age of 18 or finishes high school * * * That sum will be adjusted based on the cost-of-living index yearly. The first adjustment will be a year from today, with the cost-of-living increase being no less than 6 percent * * *

"If the wife remarries * * * the present $300 per week will be divided in half, as and for child support only at that point in time * * *

"The husband will pay the tuition for the infant for college, said tuition to be based on the standard tuition then charged by any New York State College/State school".

We find that 50% of the monthly "maintenance" payments were intended by the parties to be child support. The stipulation and judgment directed that, upon the defendant's remarriage, the weekly maintenance would be "divided in half, as and for child support only", indicating that half of the "maintenance" was intended to be child support and the other half spousal support. The parties agreed that these payments to the defendant would cease when their son reached age 18 or finished high school, at which time the plaintiff agreed to continue to support his son by paying his college tuition. The record indicates that the plaintiff has more than lived up to those obligations. There was no basis to modify the award of child support (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Panic v Hert, 200 AD2d 748). Miller, J. P., Altman, Krausman and Goldstein, JJ., concur.