In the Matter of DIANA GRAVLIN, Respondent, v HEINZ RUPPERT, Appellant. [726 NYS2d 792] —Mugglin, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered October 13, 1999, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior order of child support.

In their separation agreement, the terms of which were incorporated in but not merged with their September 1994 divorce decree, the parties agreed to joint custody of their daughter with her primary residence with petitioner. Respondent was given visitation every Wednesday and every other weekend. The parties specifically opted out of the provisions of the Child Support Standards Act (Family Ct Act § 413 [hereinafter CSSA]), respondent's monetary obligations being limited to providing for the child's needs during visitation with him, purchasing all of the child's clothing, establishing and contributing to a Clifford Trust for the educational needs of the child and paying all uninsured orthodontic expenses and 50% of the uninsured medical expenses of the child. In 1997, when the child was 12, she chose not to accompany respondent on a vacation trip and visitation has not occurred since. As a result, petitioner instituted this proceeding in 1999 seeking child support payments in accordance with the CSSA, claiming increased expenses and her inability to meet the present needs of the child.

In his answer, in addition to denying the general allegations of the petition, respondent cross-petitioned for termination of all support obligations contending that the child had abandoned him. Petitioner filed a second petition seeking enforcement of the support obligations contained in the separation agreement, alleging that respondent had failed to pay clothing expenses and to contribute to the uninsured medical expenses of the child. The Hearing Examiner determined that petitioner had demonstrated a sufficient change in circumstances to warrant a modification in child support, imposed child support of $103.15 per week in accordance with the CSSA, dismissed petitioner's enforcement petition and denied respondent's cross petition. Family Court thereafter denied respondent's objections to that determination, and he appeals.

One seeking to modify the child support provisions of a separation agreement which has been incorporated in but not merged with a judgment of divorce must demonstrate that " 'the agreement was unfair when entered into or that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant increased need * * * or that the needs of the children are not being adequately met' " (*Greenaway v Greenaway*, 262 AD2d 855, 856, quoting *Matter of Bouille v Bouille*, 192 AD2d 802, 802-803 [citation omitted]). The Hearing Examiner concluded that the "main premise" of petitioner's application was the child's right to receive adequate support and that the petition was not "premised" on an attempt to readjust the respective support obligations of the parents. Accordingly, the Hearing Examiner determined that the cessation of visitation between respondent and the child demonstrated a change in circumstances warranting an increase in child support in the best interest of the child, since she was not receiving adequate support.

We disagree with this determination. Petitioner's evidence fails to establish her current inability to meet the needs of the child without additional contribution from respondent. Initially, we observe that the first reason expressed in the separation agreement for supporting the parties' decision to opt out of the CSSA was the representation by petitioner that she was financially capable of meeting the needs of the child without assistance from respondent. Since that time, petitioner's annual salary has increased from approximately $40,000 to approximately $60,000. Although petitioner has demonstrated some increase in expenses associated with the child, she has not demonstrated her inability to meet those expenses without additional assistance from respondent. Therefore, we find petitioner's proof insufficient to show that the child's right to receive adequate support was implicated (*see, Brescia v Fitts*, 56 NY2d 132, 139-140).

Even if we assume that petitioner was attempting to prove an unanticipated and unreasonable change in circumstances mandating a readjustment of the parents' support obligations to meet the child's needs, she did not satisfy her burden for that relief. Upon this record, we need not decide whether the cessation of visitation was an unforeseen and unanticipated change of circumstances since, even if it were, there was insufficient proof that it resulted in a concomitant increase in the child's expenses and needs. Here, petitioner's proof fails to set forth specific increased expenses incurred on behalf of the child, instead relying only upon general claims that the child's needs

have increased due to an increase in the age of the child and her activities, or because of general inflation. Such proof is insufficient to warrant an upward modification of child support (*see, Matter of Owens v Wollmers*, 245 AD2d 380, 381; *Hall v Hall*, 244 AD2d 848, 849; *Matter of Litchfield v Litchfield*, 195 AD2d 747, 749).

Lastly, we find no error in Family Court's dismissal of respondent's cross petition. Although abandonment may result in forfeiture of the child's right to support (*see, Matter of Rubino v Morgan*, 224 AD2d 903, 904), this record does not support such a finding. Nothing herein should be read as excusing strict compliance by the parties with the terms of the separation agreement.

Cardona, P. J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application for an upward modification of child support; said petition dismissed; and, as so modified, affirmed.