OPINION OF THE COURT
Ciparick, J.
This appeal calls upon us to determine whether modification of child support provisions of a separation agreement is warranted where there has been an unforeseen change in circumstances, resulting in a complete failure of the support obligations contemplated in the parties’ agreement.
Petitioner mother and respondent father were married in January 1980 and had one child — a daughter — in 1984. By March 1994, the parties separated and entered into a separation agreement. As the agreement recited, the parties were aware of the provisions of the Child Support Standards Act (Family Ct Act § 413 [CSSA]) and their respective rights and support obligations under it.[1] Nonetheless, they agreed to depart from CSSA guidelines, noting that petitioner was capable of providing basic child support without assistance from respondent, and that the child would spend about 35% of her time with her father during which time he would pay all her expenses. Further, respondent would pay for the child’s clothing, with petitioner assisting with the shopping, and would fund a college trust with $10,000 (which he apparently did). At *4 the time of the agreement, petitioner’s adjusted gross income was approximately $38,000 per year, respondent’s approximately $23,000. The couple divorced on July 15, 1994; the separation agreement was incorporated but not merged into the judgment of divorce.
Initially, the parties operated under the terms of the separation agreement. Petitioner retained primary custody while the child visited with her father one day a week and on alternate weekends. In addition, the child spent alternate school holidays and time with respondent each summer. During these visits respondent paid all expenses. Prior to 1997, the three would take shopping trips for clothing, at respondent’s expense. Compliance with the agreement broke down, however, in August 1997, when the child refused to accompany her father on a summer trip he had planned, and instead returned to her mother’s home. After that, all significant visitation between respondent and his daughter came to an end, as did his financial support.
Petitioner commenced this Family Court proceeding in 1999 seeking enforcement and modification of respondent’s child support obligations. Respondent cross-petitioned seeking to be relieved of his support obligations on the grounds that his daughter abandoned him. Family Court denied the petition for enforcement finding that, although the shopping trips had ceased after August 1997, respondent had not actually refused to pay for specific reasonable purchases since petitioner had not asked him to do so.
Treating the visitation-tied support provisions separately, the court granted the petition for modification, concluding that petitioner had established a change in circumstances warranting an increase based upon the best interests of the child. Family Court found that since the custodial arrangements had changed and respondent was no longer providing child support, the best interests of the child necessitated an upward modification of respondent’s support obligations to CSSA levels “to accommodate [the child’s] needs and to provide adequate support.” In denying the enforcement petition, the court apparently left respondent’s obligation to purchase clothing intact. Respondent’s cross petition to be relieved of his support obligations was also denied.[2]
The Appellate Division reversed so much of Family Court’s order that modified the support provisions, concluding *5 that “[although petitioner has demonstrated some increase in expenses associated with the child, she has not demonstrated her inability to meet those expenses without additional assistance from respondent” (285 AD2d 690, 691 [2001] [citing Matter of Brescia v Fitts, 56 NY2d 132, 139-140 (1982)]). The Court further stated that “[e]ven if we assume that petitioner was attempting to prove an unanticipated and unreasonable change in circumstances * * * there was insufficient proof that [such change] resulted in a concomitant increase in the child’s expenses and needs” (285 AD2d at 691). We conclude that petitioner has made a sufficient showing to justify a modification of the child support obligations. We therefore reverse the order of the Appellate Division and remit to Family Court for further proceedings in accordance with this opinion.
The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties (see Merl v Merl, 67 NY2d 359 [1986]). Thus, where the parties have provided for child support within a separation agreement, it is to be assumed that they have anticipated and adequately provided for the child’s future needs and the terms of the agreement “should not be freely disregarded” (Matter of Boden v Boden, 42 NY2d 210, 212-213 [1977]). However, the needs of a child must take precedence over the terms of the agreement when it appears that the best interests of the child are not being met (see Brescia, 56 NY2d 132; see also Family Ct Act § 413). Recognizing this, the Court in Brescia established a means for modification of support obligations, based purely on the needs of the child. Separately, in Boden, we recognized the need for modification based on maintaining the fairness of the original agreement as between the parties in light of a subsequent unanticipated change in circumstances, or undoing an agreement that was unfair ab initio.
In Boden we held that a child support award in excess of that provided for in a separation agreement should not be made “[u]nless there has been an unforeseen change in circumstances and a concomitant showing of need” (42 NY2d at 213). There, petitioner sought an increase in respondent’s support obligations in order to help send the child to a costly private university even though respondent had honored his obligation under the separation agreement to provide for the child’s education. We declined to modify the parties’ support obligations absent a showing that an unanticipated or unreasonable change in circumstances occurred with a concomitant showing of need, or that the agreement was unfair when made.
*6 In this case, Family Court determined that there had been a change in circumstances and that it was in the child’s best interests to modify the support provisions of the separation agreement. As the Appellate Division concluded, this was error. There was no showing that the child’s needs were not being met. Family Court found that petitioner’s income had increased to nearly $56,000 and respondent’s was approximately $30,000. Moreover, the increase in petitioner’s expenses alone did not justify a modification. However, the Appellate Division went further and suggested that even if “the cessation of visitation was an unforeseen and unanticipated change of circumstances * * * there was insufficient proof that it resulted in a concomitant increase in the child’s expenses and needs” (285 AD2d at 691).
The circumstances of this case do not require us to engage in a “needs of the child” analysis in order to determine whether there has been a sufficient showing to justify modification of the agreement (see Brescia, 56 NY2d 132). We similarly decline to extend the test promulgated in Boden to these facts. We conclude, however, that the complete breakdown in the visitation arrangement, which effectively extinguished respondents’ support obligation, constituted an unanticipated change in circumstances that created the need for modification of the child support obligations.
Under the separation agreement, the parties anticipated that the child would spend approximately 35% of her time with her father — at his sole expense — until she reached majority or became emancipated, and he would in addition pay for her clothing. These expectations were part of the basis for the parties’ agreement to deviate from CSS A. The unanticipated change in respondent’s relationship with his daughter created a need for modification of the support terms of the separation agreement as those terms became unworkable. It is the necessity of ensuring that respondent continues to support his child as agreed upon by the parties, despite the inability to perform under the original terms of the agreement, that justifies modification of the support provisions. Under the agreement, both parents assumed an obligation of support yet, after visitation broke down through no apparent fault of either party, only the custodial parent was providing support. Family Court may reestablish the support obligation of the noncustodial parent by modifying the support provisions of the separation agreement.
Having determined that modification was warranted in this case, we must also consider whether imposition of CSSA stan *7 dards was the appropriate remedy after the contracted-for support provisions failed. Here the parties intentionally “opted out” of CSSA requirements in order to fashion their own support arrangement that was entwined with their respective custodial and visitation rights. The two discrete support obligations directly linked to continued visitation between father and daughter were the obligation to provide support during visits and the obligation to shop jointly and pay for the child’s clothing. When the visitation arrangement broke down, those two support provisions failed.[3]
While a return to CSSA standards may not be appropriate in all cases, it appears just and appropriate here, in that the parties’ articulated reasons for departing from those standards are no longer being followed. In calculating the parties’ CSSA obligations, Family Court will need to factor in the parties’ remaining contractual obligations affecting support, such as the petitioner’s responsibility for her child’s health insurance coverage. Furthermore, given that the CSSA support computation already contemplates the need for clothing as an element of support, upon remittal Family Court should also give consideration to eliminating respondent’s clothing obligation under the original agreement.[4]
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Family Court for further proceedings in accordance with this opinion.
Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
Order reversed, etc.

. The agreement estimated that under CSSA, respondent’s annual share of support would have been 37% and petitioner’s share 63%.

. The Appellate Division affirmed the denial of respondent’s cross petition and respondent did not appeal this ruling.

. Other agreement provisions, such as funding of a Clifford Educational Trust and the payment of uninsured medical expenses, were not directly linked to visitation and are not implicated here.

. The CSSA obligations imposed by Family Court required petitioner to pay 62% of the child’s support and respondent 38%.