■ In the Matter of MAUREEN LOVIGLIO, Appellant, v JAMES LOVIGLIO, Respondent. [743 NYS2d 721] —In a child support proceeding pursuant to Family Court Act article 4, the mother

appeals from (1) an order of the Family Court, Nassau County (Eisman, J.), entered January 9, 2001, which denied her objections to an order of the same court (Watson, H.E.), dated June 28, 2000, which, after a hearing, denied her petition for an upward modification of child support, and (2) an order of the same court, entered January 11, 2001, which denied her objections to an order of the same court (Watson, H.E.), dated October 27, 2000, which granted the father's application for an award of an attorney's fee.

Ordered that the orders are affirmed, with one bill of costs.

The mother failed to meet her burden of demonstrating that an unanticipated and unreasonable change in circumstances justified an upward modification of the child support agreed to by the parties pursuant to their stipulation of settlement which was incorporated but not merged into the judgment of divorce. Additionally, she failed to show that the child's needs were not being adequately met, and/or that the agreement was unfair or inequitable when entered into (*see Merl v Merl,* 67 NY2d 359, 362; *Matter of Brescia v Fitts,* 56 NY2d 132, 138; *Matter of Boden v Boden,* 42 NY2d 210, 213; *Amodemo v Amodemo,* 205 AD2d 484; *see also Reiff v Reiff,* 240 AD2d 646; *cf. Matter of Panic v Hert,* 200 AD2d 748). Thus, the Family Court properly denied her application for this relief.

The Hearing Examiner properly determined that the mother's conduct was frivolous and awarded the father an attorney's fee in the sum of $5,769.35 (*see* 22 NYCRR 130-1.1). Florio, J.P., Smith, Friedmann and Townes, JJ., concur.