In the Matter of LINDA MESSEN, Appellant, v RONALD MESSEN, Respondent. [755 NYS2d 116] —Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered March 20, 2002, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for enforcement of child support.

The parties, parents of four children, entered into a separation agreement in April 1994 which was incorporated, but not merged, into a judgment of divorce in March 1999. At the time of their separation, the oldest child was emancipated and the remaining three children, born in 1975, 1978 and 1982, lived with petitioner. The separation agreement provided that respondent would pay child support of $1,430 per month until the youngest child reached 21 years of age or was emancipated. The amount was not reduced as the older children became emancipated. The separation agreement contained the following additional provision regarding child support:

"[Respondent] agrees that in any calendar year that his taxable income shall exceed One Hundred Thousand Dollars ($100,000), he shall pay to [petitioner] as additional child support within four (4) months of the end of said calendar year ten percent (10%) of his W-2 income as reported on line 7 of form 1040 from the previous year in excess of One Hundred Thousand Dollars ($100,000) as and for additional child support." The agreement provided that the child support obligation was "non-modifiable" and the parties knowingly opted out of the Child Support Standards Act.

It is undisputed that respondent consistently paid the $1,430 monthly child support obligation and, pursuant to the contingent provision, made additional lump sum payments in 1995, 1996, 1997 and 1998 of approximately $6,800, $11,000, $16,800 and $16,000, respectively. Although respondent's total income increased in 1999 and 2000, his W-2 income reported on line 7 of tax form 1040 decreased to $120,000 annually and he reported significant additional income as Schedule E business income on line 17. Respondent thus paid $2,000 to petitioner under the contingent provision of the separation agreement for the years 1999 and 2000. Petitioner filed separate petitions seeking modification regarding the sole remaining unemancipated child and enforcement of the child support provisions of the separation agreement. At the commencement of the hearing, petitioner withdrew her modification application and proceeded on the petition for enforcement. Respondent testified that, in 1994, he was the owner and president of Steam Plant Systems, Inc., which provided his primary source of income. In

1998, he and another individual formed Control Associates LLC, which engaged in certain consulting activities and also owns the building into which Steam Plant Systems moved. He indicated that since Control Associates is a limited liability corporation his income from that entity was reported as line 17 income. The Hearing Examiner dismissed the petition finding that no provision of the separation agreement precluded respondent from making the business decisions that resulted in a decrease of his line 7 income. Family Court denied petitioner's objections and this appeal ensued.

Petitioner contends that the manner in which respondent reported his income for 1999 and 2000 circumvented his child support obligations. A separation agreement that is incorporated, but not merged, into a judgment of divorce is contractual in nature (*see Merl v Merl*, 67 NY2d 359, 362). Where the parties agree to child support provisions in the separation agreement, those provisions should not be disregarded unless the agreement was unfair when made or there has been an unanticipated change in circumstances and the needs of the child are not being met (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5).

We initially note that there is no contention that the needs of the remaining unemancipated child are not being met. Review of the pertinent language of the separation agreement reveals that it unequivocally ties the percentage of the contingent payment to income reported on line 7 of form 1040. The fact that not all income is necessarily reported as line 7 income is readily apparent from a cursory review of form 1040. Yet, petitioner, who was represented by counsel, accepted the provision that tied the contingent payment solely to line 7 income. At the hearing, respondent offered a plausible business explanation for the change in his line 7 income, which was not vigorously challenged on cross-examination and which was accepted by the Hearing Examiner as legitimate. Nothing in the record convinces us that the factual determination of the Hearing Examiner should be disregarded. The cases relied upon by petitioner are inapposite since none contains the combined factors of a payment clearly tied to a specific line of form 1040, a proffered reason for the shift in income found credible by the trier of fact, and no showing that the needs of the child are not being met. Respondent has made the payments required by the terms of the separation agreement and, thus, the petition was properly dismissed.

Petitioner's remaining arguments have been considered and found meritless.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.