■ JOSEPH COHEN, Appellant, v CITY OF NEW YORK et al., Defendants, and GIALONG CHUNG, Respondent. [777 NYS2d 717]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 27, 2003, as granted the motion of the defendant Gialong Chung for summary judgment dismissing the complaint insofar as asserted against him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

The defendant Gialong Chung (hereinafter the defendant) made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident through the affirmations of a neurologist and an orthopedist who examined the plaintiff and found no disability, limitation, or injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The affirmation of the plaintiff's physician, Dr. Krishna, submitted in opposition to the defendant's motion, was insufficient to raise a triable issue of fact. Dr. Krishna failed to explain the approximately seven-year gap between the date of the accident and his examination of the plaintiff in response to the defendant's motion (see Jimenez v Kambli, 272 AD2d 581 [2000]; Smith v Askew, 264 AD2d 834 [1999]).

Moreover, the plaintiff did not submit any competent medical evidence supporting his claim that he was unable to perform substantially all of the material acts which constitute his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Sainte-Aime v Ho, 274 AD2d 569 [2000]; Jackson v New York City Tr. Auth., 273 AD2d 200 [2000]; Greene v Miranda, 272 AD2d 441 [2000]; Arshad v Gomer, 268 AD2d 450 [2000]).

Accordingly, the defendant was entitled to summary judgment dismissing the complaint insofar as asserted against him. Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.