■ SUSAN DEITH, Appellant, v SIMON DEITH, Respondent. [811 NYS2d 444]—

In a matrimonial action in which the parties were divorced by an amended judgment entered October 22, 2003, the mother appeals from an order of the Supreme Court, Nassau County (Ross, J.), dated October 4, 2004, which granted the father's motion to modify the amended judgment of divorce by terminating his payment of child support to her.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the money paid to the appellant's attorney, Blank Rome, LLP, in the sum of $1,000 per week commencing April 15, 2005, and held in escrow in an interest-bearing account during the pendency of the appeal pursuant to a decision and order on motion of this Court dated April 12, 2005, plus all accumulated interest, shall be disbursed to the respondent forthwith.

Child support is meant to provide for the child's "care, maintenance, and education" (Family Ct Act § 413 [1] [b] [2]). Further, a child support agreement arrived at pursuant to a stipulation of settlement or a separation agreement, which is incorporated but not merged into the divorce judgment, should not be disturbed absent a showing that the agreement was unfair or inequitable at the time that it was made, that an "unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" (*Merl v Merl*, 67 NY2d 359, 362 [1986]; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5-6 [2002]; *Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]), or that the child's right to receive adequate support is not being met (*see Matter of Brescia v Fitts*, 56 NY2d 132, 138-140 [1982]; *Patten v Patten*, 203 AD2d 441, 443 [1994]; *Belkin v Belkin*, 193 AD2d 573 [1993]).

Although there are ample reasons for child support to be paid to a noncustodial parent—for example, for the noncustodial parent to maintain a suitable residence for the child, or so that the child can continue to live in the manner to which he became accustomed during the parents' marriage (*see McMahon v McMahon*, 19 AD3d 464 [2005]; *Demis v Demis*, 155 AD2d 790 [1989])—these factors are not implicated here, as the son had

not lived with the mother, or even seen her, for over a year at the time of the child support termination. In this case, therefore, there was an unanticipated change in circumstances resulting in a need to change the child support award (*see Merl v Merl, supra; see Matter of Gravlin v Ruppert, supra; Matter of Boden v Boden, supra*).

In light of our determination, the money paid to the appellant's attorney, Blank Rome, LLP, in the sum of $1,000 per week, commencing April 15, 2005, and held in escrow in an interest-bearing account during the pendency of the appeal pursuant to a decision and order on motion of this Court dated April 12, 2005, plus all accumulated interest, shall be disbursed to the respondent forthwith. Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.