■ MARK SHERMAN, Respondent, v HELENE SPIELMAN SHERMAN, Appellant. [814 NYS2d 244]—

In a matrimonial action in which the parties were divorced by judgment dated September 19, 1997, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Sullivan, J.), dated July 22, 2004, as, after a hearing, denied that branch of her motion which was for an upward modification of child support, and denied her application for an attorney's fee.

Ordered that on the Court's own motion, the notice of appeal so much of the order as denied the defendant's application for an attorney's fee is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [a] [2]; [c]; *Sholes v Meagher,* 100 NY2d 333 [2003]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Matter of Gravlin v Ruppert,* 98 NY2d 1, 5 [2002]; *see Merl v Merl,* 67 NY2d 359 [1986]). Where

the parties provide for child support in the separation agreement, the court should assume that they have anticipated and adequately provided for the child's future needs (*see Matter of Gravlin,* 78 NY2d at 5, *supra; Matter of Boden v Boden,* 42 NY2d 210, 212-213 [1977]). Therefore, "[u]nless there has been an unforeseen change in circumstances and a concomitant showing of need, an award for child support in excess of that provided for in the separation agreement should not be made based solely on an increase in cost where the agreement was fair and equitable when entered into" (*Matter of Boden,* 42 NY2d at 213, *supra*). "However, the needs of a child must take precedence over the terms of the agreement when it appears that the best interests of the child are not being met" (*Matter of Gravlin,* 98 NY2d at 5, *supra*). Consequently, where a change of circumstances is shown which results in the child's right to adequate support not being met, an increase in child support is warranted notwithstanding that support was initially provided for in an agreement (*see Matter of Brescia v Fitts,* 56 NY2d 132, 140 [1982]).

In the instant case, the increase in the plaintiff's income did not constitute an unforeseen change in circumstances justifying an increase in child support (*see Matter of DeCarlo v DeCarlo,* 250 AD2d 848, 849 [1998]). Additionally, contrary to the defendant's contention, the parties' stipulation of settlement does not provide that she may seek an upward modification of child support based solely on an increase in the plaintiff's income. The Supreme Court also properly determined that the defendant's increased costs resulting from a move to a more expensive house did not constitute an increased need on the part of the child (*see Matter of Boden, supra*). Likewise, the defendant failed to show how the child's diagnosed condition of attention deficit hyperactivity disorder and any costs associated with it were either unforeseen or constituted a change in circumstances resulting in the child's right to receive adequate support not being met (*see Brescia v Fitts, supra; Matter of Loviglio v Loviglio,* 295 AD2d 429, 430 [2002]).

The Supreme Court providently exercised its discretion in denying the defendant's request for an attorney's fee (*see generally Clifford v Pierce,* 214 AD2d 697, 698 [1995]).

The defendant's remaining contention is improperly raised for the first time on appeal (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.,* 5 AD3d 568, 571 [2004]) and, in any event, is without merit. Santucci, Lunn and Dillon, JJ., concur.

Miller, J.P. (concurs in part and dissents in part, and votes to modify the order appealed from, on the law, by deleting the pro-

vision thereof denying that branch of the defendant former wife's motion which was for an upward modification of child support, and substituting therefor a provision granting that branch of the motion, to remit the matter to the Supreme Court, Nassau County, for a recalculation of child support, pursuant to the Child Support Standards Act [*see* Domestic Relations Law § 240 (1-b)], and to otherwise affirm the order, in accordance with the following memorandum, with which Luciano, J., concurs): In May 1997 the parties entered into a stipulation settling their matrimonial action. The stipulation was incorporated, but not merged, into their subsequent judgment of divorce, dated September 19, 1997. With respect to child support, the stipulation provided that the plaintiff, the noncustodial parent, would pay to the defendant child support in accordance with the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]) (hereinafter the CSSA). The actual amount the plaintiff had to pay pursuant to the stipulation was based upon his 1996 annual income of approximately $51,000. Among other things, the plaintiff further agreed to furnish his annual tax returns to the defendant, without request. The defendant was permitted to petition for an upward modification of child support based upon an increase in the plaintiff's salary based upon his previous year's tax return. The defendant agreed not to seek such an upward modification based upon a de minimis increase in the plaintiff's salary. In the year 2002 the plaintiff earned about $107,000. By order to show cause dated April 29, 2003, the defendant moved, inter alia, for an upward modification in child support, pursuant to the terms of the parties' stipulation. Among other things, the Supreme Court denied that branch of her motion, and denied her subsequent application for an attorney's fee.

I recognize that the stipulation could be read to authorize the defendant to petition for an increase in child support only in the event the plaintiff had previously obtained a downward modification due to a decrease in his income. That did not happen here. But the stipulation is less than clear about child support modification because it also provided that, so long as the wife remained the physical and/or residential custodial parent, the husband was required to automatically provide the wife with his annual tax returns as soon as they became available, without the necessity of a request for them. One could question why such a provision was included in the stipulation if the wife were only allowed to seek an upward modification in child support following a previous downward modification in favor of the plaintiff.

In any event, even though the terms of the stipulation should

not be freely disregarded, neither the Supreme Court nor this Court is bound by the terms of the agreement if the needs of the subject child are not being met. Rather, we must examine the facts and circumstances of the case to determine whether the best interest of the child is served by maintaining the existing level of support, or by modifying it to accord with the reality of the situation (*see Matter of Brescia v Fitts,* 56 NY2d 132 [1982]). Under the circumstances of this case, which include not only the plaintiff's significant increase in income in the tax year preceding the defendant's motion, but also the fact that the parties' child has special needs due to a diagnosed condition of attention deficit hyperactivity disorder, I would grant that branch of the defendant's motion which was for an upward modification in child support, and remit the matter to the Supreme Court, Nassau County, for a recalculation of the child support to which the defendant is entitled, based on the plaintiff's year 2002 income, pursuant to the CSSA, retroactive to April 29, 2003.