■ In the Matter of ZEV ASCH, Respondent, v LAURA ASCH, Appellant. [817 NYS2d 128]—

In a support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated June 24, 2005, which sustained the father's objections to so much of an order of the same court (Rodriguez, S.M.) dated March 16, 2005, as, after a hearing, directed the father to pay 68% of the costs of the college expenses and extracurricular activities of the parties' children, and instead, found that the father was not obligated to pay the costs of extracurricular activities of the parties' children, directed that the parties equally share the costs of the children's college expenses, and directed that the children be covered under the father's medical insurance plan.

Ordered that the order is affirmed, with costs.

The parties entered into a separation agreement which provided, among other things, that the father would pay to the mother weekly child support and contribute to the cost of the children's college education. The agreement did not address expenses for extracurricular activities. Since 2001, when the separation agreement was entered into, the costs associated with the extracurricular activities of the parties' son have substantially increased. The mother sought to have the father contribute to the costs of those expenses.

The mother failed to meet her burden of showing that there had been an unanticipated and unreasonable change of circumstance or that the children's needs were no longer being met. As such, modification of the terms of the separation agreement was not warranted (*see Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]).

The mother's remaining contentions are unpreserved for appellate review, not otherwise properly before this Court, or without merit. Crane, J.P., Ritter, Krausman and Skelos, JJ., concur.