■ GARY HANDEL, Appellant, v COLEEN FARRADAY HANDEL, Respondent. [862 NYS2d 595]—

In a matrimonial action in which the parties were divorced by judgment entered July 26, 2005, the plaintiff appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Suffolk County (Mackenzie, J.), dated August 30, 2007, as amended by an order of the same court dated September 19, 2007, as granted, without a hearing, that branch of the defendant's cross motion which was to modify a stipulation of settlement dated April 29, 2005, which was incorporated but not merged into the judgment of divorce, to require the plaintiff to pay his pro rata share of the cost of the extracurricular activities of the parties' children, and (2) from so much of an order of the same court dated December 12, 2007 as denied, without a hearing, those branches of his motion which were to enforce the visitation schedule as provided in the stipulation of settlement

and judgment of divorce and to relieve him of his obligation to contribute to summer camp expenses, and granted the defendant's cross motion for an award of an attorney's fee.

Ordered that the order dated August 30, 2007, as amended September 19, 2007, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the defendant's cross motion which was to modify the stipulation of settlement dated April 29, 2005 to require the plaintiff to pay his pro rata share of the cost of the extracurricular activities of the children is denied; and it is further,

Ordered that the order dated December 12, 2007 is modified, on the law, by deleting the provision thereof granting the defendant's cross motion for an award of an attorney's fee and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties entered into a stipulation of settlement, which was incorporated but not merged into the judgment of divorce. The stipulation provided, among other things, that the father would pay to the mother biweekly child support and two thirds of the reasonable child care expenses incurred by the mother while working and that the parties would share equally the costs of the children's educational tutoring, PSAT/SAT courses, drivers education, and religious instruction. The stipulation did not address the expenses associated with the children's extracurricular activities. The stipulation further provided that the prevailing party with respect to any application to enforce the terms of the stipulation or judgment would be entitled to recover a reasonable attorney's fee and other expenses incurred in connection with the application.

In seeking to have the parties share the reasonable extracurricular expenses of the children on a pro rata basis, the mother requested, in effect, an upward modification of the father's child support obligation. "[A] child support agreement arrived at pursuant to a stipulation of settlement or a separation agreement, which is incorporated but not merged into the divorce judgment, should not be disturbed absent a showing that the agreement was unfair or inequitable at the time that it was made, that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need or that the child's right to receive adequate support is not being met" (*Deith v Deith*, 27 AD3d 613 [2006] [citations and internal quotation marks omitted]). Since the mother neither requested that the stipulation be set aside nor made a showing sufficient to justify that the stipulation be modified, the Supreme Court

erred in granting the request (*see Matter of Kerner v Kerner,* 46 AD3d 683, 684-685 [2007]; *Matter of Asch v Asch,* 30 AD3d 513, 514 [2006]). Further, since the mother was seeking to modify the stipulation, rather than to enforce it, she was not entitled to an award of an attorney's fee under the terms of the stipulation (*see Matter of Berns v Halberstam,* 46 AD3d 808, 810 [2007]; *Reynolds v Reynolds,* 300 AD2d 645, 646 [2002]; *White v Gordon,* 258 AD2d 519, 519-520 [1999]). In any event, the mother is no longer the prevailing party.

The father failed to demonstrate that summer camp did not constitute child care within the meaning of the stipulation or that the cost of summer camp was unreasonable. His remaining contention is without merit. Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur.