In the Matter of LYNN M. MASON, Respondent, v STEPHEN F. PAPOL, Appellant. [883 NYS2d 56]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Budd, J.), dated October 1, 2008, which denied his objections to so much of an order of the same court (Raimondi, S.M.), dated July 17, 2008, as, after a hearing, granted the mother's petition for an upward modification of his child support obligation.

Ordered that the order is affirmed, with costs.

A child support agreement based on a stipulation of settlement or a separation agreement, which is incorporated but not merged into the divorce judgment, should not be disturbed absent a showing that the agreement was unfair or inequitable, that there was an unanticipated change in circumstances (see Matter of Boden v Boden, 42 NY2d 210, 213 [1977]; Matter of Fantel v Stamatatos, 59 AD3d 717 [2009]; Deith v Deith, 27 AD3d 613 [2006]), or that the child's needs were no longer being met (see Matter of Gravlin v Ruppert, 98 NY2d 1, 5 [2002]; Matter of Asch v Asch, 30 AD3d 513 [2006]).

Contrary to the father's contention on appeal, the evidence adduced at the hearing provided a sufficient factual basis for the upward modification of his child support obligation (see Matter of Brescia v Fitts, 56 NY2d 132 [1982]; Matter of Boden v Boden, 42 NY2d 210 [1977]). At the hearing, the mother testified that after the stipulation of settlement and divorce, the parties' son, Stephen, was diagnosed with, inter alia, Tourette's Syndrome, which necessitated that he receive counseling, take medication, and participate in organized programs. Accordingly, she showed an unanticipated change in circumstances (see Mat-

*ter of Boden v Boden*, 42 NY2d at 213; *cf. Matter of Loviglio v Loviglio*, 295 AD2d 429 [2002]). Further, the mother testified and submitted evidence with respect to specific increased food, clothing, and housing costs in raising the parties' two children, and therefore showed that she was no longer able to meet the children's needs (*see Matter of Adams-Eppes v Fulton*, 195 AD2d 455, 456 [1993]; *see generally Matter of Gravlin v Ruppert*, 98 NY2d at 5). Therefore, the Family Court properly denied the father's objections to the Support Magistrate's order.

The father's remaining contention is without merit. Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.