■ JOSE AYALA, Respondent, et al., Plaintiff, v ACHILLES KATSIONIS, Appellant. [888 NYS2d 431]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated December 11, 2008, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jose Ayala on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jose Ayala on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The defendant met his prima facie burden of showing that the plaintiff Jose Ayala (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's treating chiropractor Dr. Craig Selzer along with his annexed report, were insufficient to raise a triable issue of fact, since it is clear that Dr. Selzer based his conclusions on the unsworn report of Dr. Robert Diamond concerning the plaintiff's lumbar spine (see Sorto v Morales, 55 AD3d 718 [2008]; Malave v Basikov, 45 AD3d 539 [2007]; Verette v Zia, 44 AD3d 747 [2007]; Furrs v Griffith, 43 AD3d 389 [2007]; see also Friedman v U-Haul Truck Rental, 216 AD2d 266, 267 [1995]). Moreover, neither the plaintiff nor Dr. Selzer explained the two-year and seven-month gap in the plaintiff's treatment between March 13, 2006 and October 3, 2008 (see Pommells v Perez, 4 NY3d 566, 574 [2005]; see also Rivera v Bushwick Ridgewood Props., Inc., 63 AD3d 712 [2009]; Dantini v Cuffie, 59 AD3d 490 [2009]; Caracci v Miller, 34 AD3d 515 [2006]; Cohen v City of New York, 8 AD3d 320 [2004]). Skelos, J.P., Covello, Santucci, Chambers and Austin, JJ., concur.