In the Matter of CRAIG T. TRESTER, Respondent, v CAROL D. TRESTER, Appellant. [940 NYS2d 114]—

In December 1994 the parties entered into a "Stipulation and Agreement" (hereinafter the agreement), which provided, inter alia, that the father would pay the mother specified child support until the subject child was emancipated, as that term was defined therein, and that "[i]n addition to the child support heretofore agreed," the parties would each equally contribute to the cost of the child's college education. The agreement defined emancipation as the happening of any one of several events, including the child's permanent residence away from the residence of his mother, but expressly stated that residence at college "is not to be deemed a residence away from the residence of the mother sufficient to constitute emancipation." The parties were divorced by a judgment entered August 15, 1995, and the agreement was incorporated but not merged into the judgment of divorce.

The father filed the subject petition dated May 29, 2009, in

effect, for a downward modification of his child support obligation, alleging that there had been a change in circumstances in that the subject child was "living away at college." At a hearing on the petition, the father stated that he was paying his "half share" of the subject child's college expenses and that the mother did not have to pay certain expenses when the child received room and board at the college. By order dated March 5, 2010, the Support Magistrate found that the father's contribution toward the child's college room and board expenses was duplicative of the child support, and therefore directed that his child support obligation be modified accordingly. The mother filed objections, contending, among other things, that the parties were contributing equally toward the child's college expenses, rather than proportionately to their respective incomes, and that the agreement expressly provided that child support would continue when the subject child was at college. The Family Court denied the mother's objections, she appeals, and we reverse.

A stipulation or separation agreement that is incorporated but not merged into a judgment of divorce is "an independent contract binding on the parties unless impeached or challenged for some cause recognized by law" (*Merl v Merl*, 67 NY2d 359, 362 [1986]; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Kleila v Kleila*, 50 NY2d 277, 283 [1980]). Where the parties have included child support provisions in the agreement, it is "presumed that in the negotiation of the terms of the agreement the parties arrived at what they felt was a fair and equitable division of the financial burden to be assumed in the rearing of the child" (*Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]; *see Matter of Gravlin v Ruppert*, 98 NY2d at 5; *Matter of Brescia v Fitts*, 56 NY2d 132, 138 [1982]).

Here, pursuant to the clear terms of the agreement, the father's obligation to pay child support continued while the child was away at college, and was not diminished by any amount he contributed towards college expenses. Inasmuch as the father did not establish that the agreement was not fair and equitable when entered into, or that there was an unanticipated and unreasonable change in circumstances (*see Matter of Gravlin v Ruppert*, 98 NY2d at 5; *Matter of Boden v Boden*, 42 NY2d at 213), he was not entitled to a downward modification of his child support obligation, and the mother's objections should have been granted. Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.