■ TAK CHIO CHEONG, Appellant, v JINGHONG ZHU, Respondent. [28 NYS3d 67]—

Order, Supreme Court, New York County (Joseph P. Burke, Special Ref.), entered December 12, 2014, which, after a hearing, among other things, granted defendant wife's motion for 50% of the proceeds of the sale of the parties' house, unanimously affirmed, without costs.

The unambiguous language of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, provided that if they are unable to agree on the sale price of the house, they "shall seek an appraisal from Silver Bay [appraisal company] at equal cost, and the appraised value shall be the price at which the [h]ouse is to be sold." Plaintiff's failure to obtain an appraisal from Silver Bay, as required by the stipulation, bars his claim that defendant breached the stipulation by failing to cooperate in connection with the sale of the house (*see generally Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]). The doctrine of "substantial performance" may not be used to excuse plaintiff's failure to perform an express condition precedent in the stipulation (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d

685, 693 [1995]). Nor is plaintiff's impossibility argument availing, since the parties could have guarded against the foreseeable possibility that Silver Bay would no longer be performing appraisals (*see 143-145 Madison Ave. LLC v Tranel, Inc.*, 74 AD3d 473, 474 [1st Dept 2010]). In any event, plaintiff's noncooperation claim is belied by the record, which shows that defendant, among other things, agreed to plaintiff's offer to buy-out her interest and never objected to the showing of the property. Defendant's disagreement as to the sale price of the house was contemplated by the stipulation, and should not be regarded as noncooperation.

Plaintiff's claim for unjust enrichment is barred, given the parties' stipulation of settlement (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.