■ In the Matter of Robert Doar, Respondent, for the Appointment of a Guardian of the Personal Needs and Property Management of Barbara Guidotti, also known as Barbara Akines-Guidotti, an Alleged Incapacitated Person; John Korper, Appellant. [65 NYS3d 136]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered March 16, 2016, which, insofar as appealed from, ordered that the alleged incapacitated person (AIP) remain in a nursing facility permanently, that respondent be evicted from the premises owned by the AIP, that the AIP's cooperative apartment be sold and the property contained in the apartment be disposed of, and that respondent's contact with the AIP in the nursing facility be supervised, unanimously modified, on the law and the facts, to vacate the decretal paragraphs that order the permanent placement of the AIP in a nursing facility, the sale of the apartment, and the disposal of the apartment's contents, and otherwise affirmed, without costs.

The court properly ordered respondent's eviction from the AIP's apartment, since the record shows that respondent violated the June 2014 so-ordered agreement that permitted him to reside there. Respondent admitted that he allowed the AIP to make her own medical appointments, took her to those

appointments, hired and fired home health aides without consulting either of the AIP's co-guardians, and failed to administer the AIP's medication in accordance with the terms of the agreement. Moreover, respondent failed to rebut the testimony of one of the guardians that he denied her entry to the apartment.

Respondent contends that the agreement should be enforced based on his substantial performance of his obligations under it. However, the record does not support a finding of substantial performance. Respondent admitted that he violated numerous express terms of the agreement. In any event, the doctrine of substantial performance may not be used to excuse a party's failure to perform an express condition (*Tak Chio Cheong v Jinghong Zhu*, 138 AD3d 433 [1st Dept 2016]).

The court improperly ordered that the AIP remain in a nursing facility permanently (and that her apartment and possessions be disposed of), because no party requested this relief. Indeed, the AIP's social worker and case manager both testified that the AIP could return to her home with 24-hour medical assistance. Concur—Richter, J.P., Manzanet-Daniels, Andrias, Kern and Singh, JJ.